IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NAIAD MARITIME CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. |
| PACIFIC GULF SHIPPING COMPANY, | * | |
| PACIFIC GULF SHIPPING CO LTD., | * | **IN ADMIRALTY** |
| PACIFIC GULF SHIPPING (SINGAPORE) PTE LTD. | * | |
| | * | |
| PGSC SHIPPING A/S | * | |
| Defendants, | * | |
| and | * | |
| YARA NORTH AMERICA, INC., | * | |
| KOCH FERTILIZER, LLC | * | |
| Garnishees. | * | |
| | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Naiad brings this complaint against defendants Pacific Gulf Shipping Company,

including against its alter egos Pacific Gulf Shipping Co Ltd. ("PGSC-Marshall Islands") and

Pacific Gulf Shipping (Singapore) Pte. Ltd. ("PGSC-Singapore") and PGSC SHIPPING A/S

("PGSC-Denmark") (collectively, "PGSC") all *quasi in rem* pursuant to Supplemental Rule B

for Certain Admiralty and Maritime Claims and for a cause of action states as follows:

**Jurisdiction and Venue**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §

1333 and is an admiralty or maritime claim within Supplemental Rule B and Fed. R. Civ. P. 9(h).

2.      This complaint is further brought pursuant to the Federal Arbitration Act, 9

U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1

and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to

9 U.S.C. § 8.

3.      Venue is proper in this Court because the Garnishees are located and can be found

in this District and because property in which PGSC has an interest is or soon will be in this

District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4.      Naiad is a Greek corporation, is and was the owner of M/V MARYLISA V

"Vessel") at all times material to this action, and has its principal place of business in Athens,

Greece.

5.      PGSC is and was the time charterer of the M/V MARYLISA V at all times material

to this action.  PGSC is an entity comprising of "offices" in Dubai, Singapore, Karachi, and

Copenhagen, with its "Corporate Office" in Marshall Islands.  PGSC owns a website detailing

information about its activities (http://pacificgulfshipping.com/index.html), presenting itself as one

single entity.  The PGSC website states as follows:

> Pacific Gulf Shipping are international freight contractors and cargo ship operators and
> specialize in providing tonnage and transport solutions in the dry bulk cargo sector.
>
> **The company** presently operates tonnages ranging from 20,000 DWT up to 150,000
> DWT and control fleet of 40-50 ships including Handysize, Handymax, Supramax
> Panamax and Capesize type of vessels.
>
> **The company** conducts all operations on world wide basis with presence in Singapore
> and Denmark. **Our presence** in these places gives us in depth and most up to date

knowledge of international current shipping market scenario and helps us in being close to the shipping community globaly.

(Emphasis added, spelling original).

6.      PGSC's website (http://pacificgulfshipping.com/crbst_3.html) further describes

PGSC's operations as follows:

Pacific Gulf Shipping Group specializes in the carriage of bulk Grain, fertilizer, sulphur, alumina cement, scrap clinker, petcoke, coal, iron ore, bagged rice and steel and has been actively involved with the carriage of these products since many years.

In this respect Pacific Gulf Shipping Co. is well known as a reliable operator and transporter in these trades and is regularly transporting over 8 to 10 million tonnes of cargo from various countries in the Baltic, Black sea, Arabian gulf, to Feast, Seasia, U.S. Gulf, ECSA, African Ports, Indian Ocean and China.

Pacific Gulf Shipping Co. aims to concentrate on the needs of its customer base in the UK, USA, UAE, South Asia and in other parts of the world and provides them with a first class service and timely nominations for the shipment of their bulk commodities, thereby gaining their trust and dependability on the company

7.      As detailed  below, PGSC operated and operates through its alter egos, including

PGSC-Marshall Islands, PGSC-Singapore, and PGSC-Denmark.

**6.**      Garnishees are entities with resident agents in this District which, on information

and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to

PGSC.

### Facts

7.      As detailed in the London Arbitration Demand, on or about August 21, 2015,

PGSC entered into a charter party with Naiad pursuant to which Naiad agreed to charter the

Vessel for one time charter trip via Penang, Indonesia to load harmless Palm Kernel Shells in

bulk only for discharge.

8.      The Arbitration Demand further details that it was an express condition of the

Charterparty and PGSC expressly warranted and guaranteed, that the cargo to be carried was

"harmless" (and accordingly was not dangerous).

9.      Upon loading of the Vessel at Penang, as also detailed in the Arbitration Demand, the cargo loaded proved to be dangerous.  Specifically, the temperature of the cargo rose and emitted hazardous gas.  Naiad demanded that PGSC  pay for the safe offload of the cargo and generally to remediate the hazardous conditions; PGSC has failed or refused to do so.  The estimated damages and costs of such payment and indemnity as required by the Charter Party is at least USD 1,956,442.58, as detailed in the Arbitration demand.

10.     PGSC also has failed to pay charter hire for the Vessel and presently owes Naiad at least USD 278,204.48 in unpaid charter hire, further detailed in the Arbitration demand.

11.     On September 15, 2016, the United States District Court for the District of Delaware issued a final judgment against PGSC-Marshall Islands for USD 3,097.897.99. Charter charter hire continues to accrues at the contractual rate of USD 8,000 per day, from that date.

12.     PGSC is therefore indebted to Naiad in the amount of at least USD 3,097.897.99, which amount increases by USD 8,000 per day beginning on September 15, 2016, and post-judgment interest from that date.

**The Arbitration Proceedings:**
**PGSC-Marshal Islands Declares Itself to be Insolvent**

13.     Arbitration has continued to proceed in London between PGSC (purporting to be Pacific Gulf Shipping Co Ltd., Marshal Islands ("PGSC-Marshal Islands") and Naiad.  In connection with that arbitration, however, PGSC-Marshal Islands has informed Naiad, that "PGSC-Marshal Islands has ceased trading and no longer has available assets to meet liabilities."

14.     Nevertheless, despite the representation to Naiad that PGSC-Marshall Islands is no longer trading and has no assets, the PGSC website continues to state that PGSC's "Corporate

Headquarters" is in Marshal Islands.  Further despite its declaration that it is without assets,

"PGSC-Marshal Islands" continues defend the arbitration employing the significant London –

based international law firm, Clyde & Co, on the defense.

**Common Ownership and Alter-Egos of PGSC**

15.     By information and belief, Messrs. Masood Tariq Baghpatee and Faisal

Baghpatee are also the 100% owners of PGSC-Marshal Islands, Pacific Gulf Shipping

(Singapore) Pte. Ltd., and PGSC Shipping A/S.

16.     Messrs. Masood Tariq Baghpatee and Faisal Baghpatee and also are Chief

Executive and Director of Operations/Chartering of Kopak Shipping Company, Karachi,

Pakistan (*see* http://www.kopakshipping.com/contact.htm ), and majority or sole owners of

Kopak, which serves as PGSC's manager.

17.     By information and belief, PGSC-Marshal Islands, Pacific Gulf Shipping

(Singapore) Pte. Ltd., and PGSC Shipping A/S are alter egos of PGSC.

**Count I – Breach of Maritime Contract**

18.     Naiad incorporates the above paragraphs as if fully set forth herein.

19.     PGSC has breached its maritime contract with Naiad as set out above.  Despite

repeated demand, Naiad remains unpaid.

20.     Naiad therefore demands judgment, as set out more fully below.

**Count II: Maritime Attachment and Garnishment (Rule B)**

21.     Naiad incorporates the above paragraphs as if specifically set forth herein.

22.     Naiad seeks issue of process of maritime attachment so that it may obtain security

for its claims in arbitration.

23.     No security for Naiad's claims has been posted by PGSC or anyone acting on its

behalf to date.

24.      PGSC cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Yara North America, Inc. and Koch Fertilizer, LLC.

### Prayer for Relief

WHEREFORE, Naiad prays:

A.      That in response to Count I, judgment be entered against Pacific Gulf Shipping Co Ltd., and in favor of Naiad Maritime Co,. in the amount of at least of at least USD 3,097.897.99, which amount increases by USD 8,000 per day beginning on September 15, 2016, and post-judgment interest from that date, plus an additional 50% as provided in Supplemental Admiralty and Maritime Rule E, to allow for future charter hire accrued, interest, fees and costs) as provided in the parties' contract, plus the costs of this action;

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of PGSC's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Naiad's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

      D.      That this Court award Naiad such other and further relief that this Court deems just and proper.

Dated:  December 15, 2016           /s/ J. Stephen Simms
                                     J. Stephen Simms (#4269)
                                     Simms Showers LLP
                                     201 International Circle
                                     Baltimore, Maryland 21030
                                     410-783-5795
                                     jssimms@simmsshowers.com

                                   *Counsel for Naiad Maritime Co.*

## <u>VERIFICATION</u>

      I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

      The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

      I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the District of Maryland.  There is no record of any general or resident agent authorized to accept service of process for PGSC in this District.

                                     Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

                                     Executed on December 15, 2016.

                                     /s/ J. Stephen Simms
                                     J. Stephen Simms