IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NAIAD MARITIME CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 16-cv-4006-RDB |
| PACIFIC GULF SHIPPING COMPANY, et al., | * | **IN ADMIRALTY** |
| | * | |
| Defendants and Garnishee. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ISSUANCE OF REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE TO
MARSHALL ISLANDS AND PAKISTAN**

This Court has already recognized that the allegations of alter ego asserted by Plaintiff Naiad Maritime Co. ("Naiad") justify the taking of limited discovery on those allegations. Accordingly, the Court has, without requirement of issue of further process, ordered that Defendant Pacific Gulf Shipping (Singapore) Pte Ltd. ("PGSC-Singapore") respond to Naiad's discovery, including interrogatories, document requests, and depositions. Dkt. No. 30. The Court has also stated that Naiad may take further international discovery of other entities and witnesses. Naiad consequently wishes to take discovery of Defendant Pacific Gulf Shipping Co Ltd. ("PGSC-Marshall Islands")[1] and Kopak Shipping Company ("Kopak"), and for that,

---

[1] PGSC-Marshall Islands has recently appeared in a related Delaware action (Civil Action No. 15-cv-1187-RGA) with counsel (Palmer Biezup & Henderson LLP) seeking to vacate the default judgment entered in that action. A copy of PGSC-Marshall Islands' memorandum in support of its motion to vacate is attached hereto as Exhibit 1. Undersigned counsel has asked counsel for PGSC-Marshall Islands to voluntarily appear in this action and respond to the discovery requests.

1

respectfully requests that the Court issue a Letter of Request to the appropriate Marshall Islands and Pakistani authorities.[2] The discovery that Naiad proposes to take of PGSC-Marshall Islands and Kopak is to be conducted by telephone and/or video conference and overall is within the same scope and limitations the Court has set for discovery from PGSC-Singapore. The proposed Letters of Request for PGSC-Marshall Islands and Kopak are attached hereto as Exhibits 2 and 3, respectively.

Once this Court issues the Letters of Request, Naiad intends to present the Letters of Request to the High Court of the Republic of Marshall Islands and the High Court of Sindh in Pakistan, seeking permission to obtain documents and information maintained by PGSC-Marshall Islands and Kopak, respectively, subject to the discovery guidelines set forth in the Federal Rules of Civil Procedure.[3] Naiad believes that documents and testimony critical to the allegations of alter ego are in the custody, possession, or control of PGSC-Marshall Islands (the entity identified and held out to the public as the "corporate headquarters" of the Pacific Gulf Shipping "group") and Kopak (the agent and manager of both PGSC-Singapore and PGSC-Marshall Islands that has routinely commingled funds between the two entities and that is owned by the individual(s) behind PGSC-Singapore). Additionally, PGSC-Singapore has relied on the affidavit testimony of the sole officer of PGSC-Marshall Islands (Mr. Pedro Ortega Jones) as well as an employee of Kopak (Mr. Mohammad Amir) in support of its motion to vacate the attachment here.

---

[2]  Both the Marshall Islands and Pakistan require a Letter of Request because neither country is a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

[3]  The Marshall Islands, a former U.S. Commonwealth, has adopted the Federal Rules of Civil Procedure to its Marshall Islands Rules of Civil Procedure.

This Court has the inherent authority to issue a letter of request to a foreign tribunal under 28 U.S.C. § 1781, which provides in pertinent part that a letter of request (also known as a letter rogatory) may be transmitted "directly from a tribunal in the United States to a foreign or international tribunal." 28 U.S.C. § 1781(b)(2). This Court has itself previously approved a similar motion, seeking issuance of a letter of request, on at least two occasions. *See Brey Corp. v. LQ Mgmt., L.L.C.*, Civil Action No. AW-11-cv-00718-AW, 2012 U.S. Dist. LEXIS 104952, at *8-9 (D. Md. July 25, 2012); *Hobby Works, Inc., et. al., v. Protus IP Solutions, Inc.*, Civil Action No. DKC-08-cv-1618 (a copy of the Court's order is attached hereto as Exhibit 4).

> Letters rogatory "are the means by which a court in one country requests the court of another country to assist in the administration of justice...[.]" *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007). "Federal courts have both statutory and inherent authority to issue letters rogatory, regardless of whether the case is civil or criminal." *Id.* (citing 28 U.S.C. § 1781; *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), *United States v. Steele*, 685 F.2d 793, 802 (3d Cir. 1982)). A court's decision to issue letters rogatory lies within its sound discretion. *Rosen*, 240 F.R.D. at 215; *see also United States v. Mason*, 919 F.2d 139 (4th Cir. 1990) (unpublished per curiam decision). Courts have required that "some good reason [] be shown by the opposing party for a court to deny an application for a letter rogatory." *DBMS Consultants Ltd. v. Computer Assocs. Int'l., Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (citation omitted). On the other hand, courts have found that "letters rogatory should be issued only where 'necessary and convenient,'" *Rosen*, 240 F.R.D. at 215 (citation omitted). Although noting that the letters rogatory process is a "complicated, dilatory, and expensive" one, any delays caused by the process are "justified if necessary to ensure a fundamentally fair trial...[.]" *Id.*

*Brey Corp.*, 2012 U.S. Dist. LEXIS 104952 at *8-9.

Good cause exists to issue Letters of Request in this case because the interests of justice dictate that Naiad be permitted to obtain discovery from PGSC-Marshall Islands and Kopak. First, PGSC-Marshall Islands is the admitted "corporate headquarters" of the Pacific Gulf Shipping "group." As such, it is likely to possess discoverable information relevant to the

3

allegations of alter ego asserted by Naiad. Second, PGSC-Marshall Islands is the subject of those very claims as the alleged alter ego of PGSC-Singapore. Likewise, Kopak appears to enjoy an unnatural connection to both PGSC-Singapore and PGSC-Marshall Islands through its ability to commingle those entities' funds in a single bank account. The owners and/or officers of PGSC-Marshall Islands are also alleged to be the owners and/or offices of Kopak.

Information relevant to Naiad's allegations may be in the hands of PGSC-Singapore, the PGSC-Marshall Islands, Kopak, or some combination of these entities. Without issuance of the Letters of Request and discovery from PGSC-Marshall Islands and Kopak, Naiad is at a severe disadvantage in obtaining evidence to support its allegations.

The specific discovery sought from PGSC-Marshall Islands and Kopak is attached hereto as Exhibits 5 and 6, respectively. The requests mirror those made of PGSC-Singapore and are similarly limited in their scope, seeking only information relevant to Naiad's allegations of alter ego. Naiad is prepared to undertake the cumbersome and costly process to obtain discovery from PGSC-Marshall Islands and Kopak because it believes that information directly relevant to the alter ego allegations is in the possession, custody, or control of PGSC-Marshall Islands and Kopak.

WHEREFORE, the reasons set forth herein, Naiad respectfully requests that the Court issue the attached Letters of Request to the High Court of the Republic of Marshall Islands and the High Court of Sindh in Pakistan. Naiad will then proceed to bring the Letters of Request before the respective Marshall Islands' and Pakistani courts.

Dated: February 5, 2017  　　　　　　　　　　　 /s/ Marios J. Monopolis
　　　　　　　　　　　　　　　　　　　　　　　　J. Stephen Simms (#4269)
　　　　　　　　　　　　　　　　　　　　　　　　Marios J. Monopolis (#29177)
　　　　　　　　　　　　　　　　　　　　　　　　Simms Showers LLP
　　　　　　　　　　　　　　　　　　　　　　　　201 International Circle
　　　　　　　　　　　　　　　　　　　　　　　　Baltimore, Maryland 21030

410-783-5795
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

*Counsel for Naiad Maritime Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2017, a copy of the foregoing was filed on the Court's CM/ECF system for service on all counsel of record.

*/s/ Marios J. Monopolis*