## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NAIAD MARITIME CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **15-cv-1187 (RGA)** |
| | ) | |
| PACIFIC GULF SHIPPING CO. LTD. et al., | ) | |
| | ) | |
| Defendant and Garnishees. | ) | |
| | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT
PACIFIC GULF SHIPPING CO. LTD.'S MOTION TO SET ASIDE
DEFAULT JUDGMENT PURSUANT TO F.R.C.P. 55(c) AND 60(b)**

PALMER BIEZUP & HENDERSON LLP
By: Michael B. McCauley
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
mmccauley@pbh.com

*Attorneys for Defendant
Pacific Gulf Shipping Co. Ltd.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .................................... 1

SUMMARY OF ARGUMENT.................................................................. 2

STATEMENT OF FACTS ....................................................................... 3

LEGAL STANDARD.......................................................................... 5

ARGUMENT ................................................................................ 6

    A.    The Requirements for an Attachment Under Supplemental Admiralty Rule B.. 6

    B.    The Court does not have *In Personam* or *Quasi in Rem* Jurisdiction over the Defendant, and the Default Judgment was therefore Void Ab Initio ................. 8

CONCLUSION ............................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Arpaio v. Dupre,*
    527 F. App'x 108 (3d Cir. 2013)..............................................................6, 9

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,*
    460 F.3d 434 (2d Cir. 2006),.....................................................................7

*Blueye Navigation v. Oltenia Navigation,*
    1995 U.S. Dist. LEXIS 1844 (S.D.N.Y. Feb. 15, 1995)...........................8, 9

*Budget Blinds, Inc. v. White,*
    536 F.3d 244 (3d Cir. 2008)........................................................................6

*Cargo-Levant Schiffahrtsgesellschaft MbH v. PSL Ltd.,*
    No. 12-1363-RGA-CJB, 2014 U.S. Dist. LEXIS
    74540 (D. Del. May 30, 2014) ..................................................................7

*Gold Kist, Inc. v. Laurinburg Oil Co.,*
    756 F.2d 14 (3d Cir. 1985)..........................................................................6

*Limonium Maritime, S.A. v. Mizushima Marinera, S.A.,*
    961 F. Supp. 600 (S.D.N.Y. 1997) .............................................................8, 9

*Nippon Yusen Kabushiki Kaisha v. Kraiem,*
    No. 15-cv-01364-SDW-SCM,
    2015 U.S. Dist. LEXIS 132039 (D.N.J. Sep. 29, 2015) ............................6

*Robinson v. O. F. Shearer & Sons, Inc.,*
    429 F.2d 83 (3d Cir. 1970)..........................................................................8

*Shipping Corp. of India Ltd. v.*
    *Jahldi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir. 2009)................................6, 7

*Unitas Fin., Ltd. v. Di Gregorio Havegacao, Ltda.,*
    No. 99-1233 (JCL), 1999 U.S. Dist. LEXIS 24129
    (D.N.J. Nov. 8, 1999) .................................................................................2

*Winter Storm Shipping v. TPI,*
    310 F.3d 263 (2d Cir. 2002).......................................................................6, 8

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 et seq. .................................................1, 2, 5

Federal Arbitration Act, 9 U.S.C. § 8 ............................................................... 1, 2, 5, 9

**Rules**

Supplemental Rule B for Certain Admiralty and Maritime Claims .................................... 2

Federal Rule of Civil Procedure 55(c) ............................................................... 5

Federal Rule of Civil Procedure 60(b) ............................................................... 6

Defendant, Pacific Gulf Shipping Co. Ltd. ("PGS Marshall Islands"), by and through undersigned counsel, makes this restricted appearance pursuant to Rule E(8) of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and submits this Opening Brief in support of its motion to set aside the default judgment, which was entered on September 15, 2016 (D.I. 32), on the request of Plaintiff, Naiad Maritime Company ("Naiad").[1]

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff commenced this action on December 21, 2015 by filing a Verified Complaint "…pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims" (D.I. 1 at p.1) and "pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8." (D.I. 1, at ¶ 2). Although various Writs of Maritime Attachment were issued to and served on various Garnishees, no property or assets were ever attached. (D.I. 20). On August 24, 2016, Plaintiff filed a Motion for Default Judgment together with a supporting memorandum, affidavit, and proposed order. (D.I 28-29). On September 14, 2016, Plaintiff filed a letter response to the Court's Order requesting further explanation. (D.I. 31). The Court entered a default judgment against Defendant on September 15, 2016. (D.I. 32). There is no activity on the Court docket after September 15, 2016.

---

[1] In making this restricted appearance, PGS Marshall Islands expressly reserves all defenses, including, but not limited to, personal jurisdiction, subject matter jurisdiction, and venue.

## SUMMARY OF ARGUMENT

1.      Simply put, the default judgment entered on September 15, 2016 (D.I. 32) was void *ab initio* because this Court lacks *in personam* or *quasi in rem* jurisdiction over Defendant PGS Marshall Islands.

2.      Plaintiff's Verified Complaint was brought "*quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims" (D.I. 1 at ¶1) and "pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8." (D.I. 1, at ¶ 2).

3.      Under Supplemental Rule B, the Plaintiff was required to verify by way of an affidavit and verified complaint that the Defendant against whom the action was filed cannot be found within the district, that is, *in personam* jurisdiction over the Defendant does not exist in the District of Delaware. *See* FED. R. CIV. P. SUPP. R. B(1)(a), (b); *see also Unitas Fin., Ltd. v. Di Gregorio Havegacao, Ltda.*, No. 99-1233 (JCL), 1999 U.S. Dist. LEXIS 24129, at *4 (D.N.J. Nov. 8, 1999).[2]

4.      Plaintiff specifically admitted in the "Verified" Complaint that "Defendant **cannot be found in this District** within the meaning of Supplemental Rule B." (D.I. 1, at ¶ 3) (emphasis added).

5.      This Court's Order entered December 28, 2016 granting Plaintiff's Motion for Order Authorizing Issuance of Writ of Maritime Attachment confirmed that the "Court …found that **the conditions required by Supplemental Rule … B exist**.." (D.I. 12). (emphasis added).

---

[2]  The docket reveals that the affidavit required by Supplemental Rules B(1)(a) and (b) was never filed with the court, rendering the attachment technically deficient.  District courts have discretion to vacate an attachment where the required affidavit is not filed. *See Submersible Sys. v. Perfadora Central, S.A. de C.V.*, 249 F.3d 413, 422 (5th Cir. 2001).

2

6.    Various Writs of Maritime Attachment were issued to and served on various Garnishees, but no property or assets belonging to Defendant were ever attached. (D.I. 16-17; D.I. 20). Therefore, the Court never acquired *quasi in rem* jurisdiction over Defendant under Supplemental Rule B, which is the sole basis of Plaintiff's Complaint. (D.I. 1 ¶¶ 1 and 2).

7.    The default judgment entered on September 15, 2016 (D.I. 32) was void *ab initio* because this Court lacks *in personam* or *quasi in rem* jurisdiction over Defendant PGS Marshall Islands.

8.    Defendant PGS Marshall Islands therefore respectfully requests, for the reasons outlined herein, that this motion be granted and the default judgment be set aside pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).

## STATEMENT OF FACTS

This action is but one in a series of proceedings filed by Naiad against PGS Marshall Islands in various jurisdictions across the United States.[3]  The actions respectively seek to attach funds belonging to PGS Marshall Islands under Supplemental Admiralty Rule B, purportedly in aid of an ongoing arbitration in London between PGS Marshall Islands and Naiad.  Each action ultimately stems from the same underlying factual dispute.  On or about August 21, 2015, PGS Marshall Islands, an entity organized and existing under the laws of the Marshall Islands with no office or place of business in Delaware, and Naiad, a Greek entity, entered into a charter party agreement for the charter of the M/V MARYLISA V (the "Vessel"). (D. I. 1, at ¶¶ 1-5).  Under the charter party, PGS Marshall Islands chartered the Vessel from Naiad for one time charter trip

---

[3] Naiad has filed actions seeking similar substantive relief in this District, the Southern District of Texas (Civ. No. 16-cv-1324), the District of Maryland (Civ. No. 16-cv-4006), and the Middle District of Florida (Civ. No. 15-cv-1187).  Since entry of the default judgment herein, Naiad has registered (or sought to register) the judgment in the District of Maryland (17-mc-0055); the Western District of Michigan (Civ. No. 16-mc-0138), the Southern District of Texas (Civ. No. 16-mc-2725), the Middle District of Florida (Civ. No. 16-mc-0149), and the Central District of California (Civ. No. 16-mc-0144).

via Padang, Indonesia to carry Palm Kernel Shells (the "Cargo") in bulk for discharge in Poland. (D. I. 1, at ¶ 9). Naiad alleges that during loading operations the Cargo's temperature rose, causing the Cargo to emit a hazardous gas. (D.I. 1, at ¶ 11).

Naiad further alleges that it demanded that PGS Marshall Islands pay for the unloading of the Cargo and remediation of the hazardous gas emissions aboard the Vessel, but PGS Marshall Islands declined to do so. (D.I. 1, at ¶ 11). Thus, Naiad claims it incurred damages of "at least $1,956,442.58" to unload the Cargo and remediate the hazardous gas aboard the Vessel and that PGS Marshall Islands failed to pay charter hire under the charter party in an amount of "at least $278,204.48." (D.I. 1, at ¶¶ 11-12). Accordingly, Naiad claims a total amount due from PGS Marshall Islands "in the amount of at least USD 2,234,647.06, which amount increases by USD 8,000 per day beginning on November 13, 2015." (D.I. 1, at ¶ 14).

As indicated above, the following valid and enforceable arbitration clause was included in the parties' charter party agreement:

> This Contract shall be governed by and construed in accordance with English law *and any dispute arising out of or in connection with this Contract shall be referred to arbitration in London* in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this Clause.

(*See* D.I. 1, p. 6, "BIMCO Arbitration Clause") (emphasis added). On or about November 24, 2015, Naiad demanded arbitration in London under the terms of the charter party. (*See id.* & D.I. 1, at ¶ 9). As of today, arbitration in London is ongoing, and PGS Marshall Islands is vigorously defending this claim on the merits in those proceedings.

On December 21, 2015, Naiad commenced this action with the filing of a Verified Complaint, naming PGS Marshall Islands as a Defendant and Gavilon Fertilizer, LLC, Gavilon Fertilizer Management Service Company, LLC, and Koch Fertilizer, LLC, as Garnishees. (D.I

1).[4] The Complaint specifically alleges that it was brought "*quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims." (D.I. 1, at p.1). The Complaint also alleges that it was "brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8." (D.I. 1, at ¶ 2). Critically, the Complaint also alleges that "Defendant *cannot be found in this District* within the meaning of Supplemental Rule B." (D.I. 1, at ¶ 3) (emphasis added).

In its prayer, Naiad specifically requested *both* that this Court grant it judgment "in the amount of at least USD 3,351,970.59,"[5] which is a request for substantive relief that is inconsistent with the parties' agreement to arbitrate, *and* that this Court issue an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment ("PMAG") pursuant to Rule B, attaching all of PGS Marshall Island's tangible or intangible property or any other funds held by any garnishee up to the amount demanded in the Complaint "to secure Naiad's claims," which claims Naiad is currently pursuing in London arbitration. (D.I. 1, at p. 4; D.I. 1-1). To date, the PMAG has been served on various garnishees (D.I. 16-17; D.I. 20), but no funds belonging to PGS Marshall Islands have been attached.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), "[t]he court … may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party … from a final judgment" where, *inter alia*,

---

[4] Koch Fertilizer, LLC, was subsequently voluntarily dismissed from this action on January 19, 2016. (D.I. 18).

[5] This figure is purportedly based on the amount Naiad claims to be due and owing (*i.e.*, $2,234,647.06), "plus an additional 50% as provided in Supplemental Admiralty and Maritime Rule E, to allow for future charter hire accrued, interest, fees and costs." (D.I. No. 1, at p. 4).

"the judgment is void," or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(4), (6). It is well established in the Third Circuit that a judgment is void if rendered by a court that lacks personal jurisdiction over the defendant. *See Arpaio v. Dupre*, 527 F. App'x 108, 111 (3d Cir. 2013) (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008)).

In assessing whether a judgment is void and must be set aside under Rule 60(b)(4), the normal balancing test used to evaluate Rule 60(b)(1) motions – that is, "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct" *see, e.g., Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) – *is completely inapplicable*. *Arpaio*, 527 F. App'x at 112. Where "a district court lacks jurisdiction over a defendant, the judgment is *automatically* void." *Id.* (emphasis added).

## ARGUMENT

### A.    The Requirements for an Attachment Under Supplemental Admiralty Rule B

A Rule B attachment is characterized as a *quasi in rem* proceeding, which permits the court to exercise jurisdiction over a defendant's property that is located within the district, even though the court has no *in personam* jurisdiction over the defendant. *Nippon Yusen Kabushiki Kaisha v. Kraiem*, No. 15-cv-01364-SDW-SCM, 2015 U.S. Dist. LEXIS 132039, at *7 (D.N.J. Sep. 29, 2015); *see also Winter Storm Shipping v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002), *overruled on other grounds by Shipping Corp. of India Ltd. v. Jahldi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009) ("The jurisdiction conferred by a maritime attachment is characterized as *quasi in rem*.").

In fact, the absence of the defendant from the jurisdiction is a *sine qua non* of a valid

Rule B attachment – a maritime attachment of property under Rule B is only authorized when a

plaintiff complies with the Rule's filing, notice, and service requirements and establishes that:

> (1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) ***the defendant cannot be found within the district***; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment.

See *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 435 (2d Cir. 2006),

*overruled on other grounds by Jahldi*, 585 F.3d 58 (emphasis added). It is the plaintiff's burden

to establish its right to an attachment by showing that it complied with the requirements listed

above, including demonstrating that the defendant is not subject to the court's jurisdiction. *Id.* at

445. If the plaintiff carries this burden, then the district court must enter an order authorizing the

attachment (as the Court did here (D.I. 12)). The plaintiff may then take that order to the clerk of

court, which will issue the PMAG that the plaintiff can then serve on any person in possession of

the defendant's tangible or intangible property (*i.e.*, a garnishee) who is located within the

district. FED. R. CIV. P. B(1)(b); *Aqua Stoli*, 460 F. 3d at 435, 438.

Maritime attachments under Supplemental Admiralty Rule B "arose because it is

frequently, but not always, more difficult to find properties of parties to a maritime dispute than

of parties to a traditional civil action." *See Aqua Stoli*, 460 F.3d at 443; *see also Cargo-Levant*

*Schiffahrtsgesellschaft MbH v. PSL Ltd.*, No. 12-1363-RGA-CJB, 2014 U.S. Dist. LEXIS 74540,

at \*14 (D. Del. May 30, 2014) ("Since maritime parties are traditionally peripatetic, and their

assets transitory, the traditional policy underlying maritime attachment has been to permit the

attachment of assets wherever they can be found."). The twin rationales behind Rule B are thus:

(1) to provide security for a claimant if suit is successful, and (2) to insure a defendant's

appearance in an action, which, as indicated above, is an aspect of attachment inextricably linked to a plaintiff's substantive right to recover. *Winter Storm*, 310 F.3d at 268.

As noted above, however, in a Rule B attachment, "jurisdiction over the person is gained only through the attached property," and therefore "the plaintiff can gain a judgment against the defendant[, but only] up to the value of the property attached." *Limonium Maritime, S.A. v. Mizushima Marinera, S.A.*, 961 F. Supp. 600, 605 (S.D.N.Y. 1997) (citing *Robinson v. O. F. Shearer & Sons, Inc.*, 429 F.2d 83, 86 (3d Cir. 1970)).

If no property of the Rule B defendant in the district is ever attached, it is axiomatic that the court has no jurisdiction and cannot enter a judgment against the defendant. *Blueye Navigation v. Oltenia Navigation*, 1995 U.S. Dist. LEXIS 1844, at *13 (S.D.N.Y. Feb. 15, 1995) ("The caselaw, the authorities, and basic logic demonstrate that no *quasi in rem* jurisdiction under Rule B can exist without some *res* to be attached. In fact, for Rule B attachment to be appropriate, it is clear that the property must be located within the district and the property must belong to the defendant. If, as in this case, no property was attached in the first instance, then no jurisdiction was ever obtained under Supplemental Rule B." (citations omitted)).

**B.**   **The Court does not have *in Personam* or *Quasi in Rem* Jurisdiction over the Defendant, and the Default Judgment was therefore Void *Ab Initio***

At the outset, it is clear that this Court cannot exercise *in personam* jurisdiction over PGS Marshall Islands in this case.   By Naiad's own allegations and admissions, PGS Marshall Islands is not subject to the Court's *in personam* jurisdiction.  In its Verified Complaint, Naiad alleged and admitted, as it must to satisfy the requirements of Rule B (discussed above), that PGS Marshall Islands "cannot be found in this District within the meaning of Supplemental Rule B." (D.I. 1, at ¶ 3).  Naiad also correctly alleged that PGS Marshall Islands is organized and

exists by virtue of Marshall Islands law and has no office or place of business in Delaware. (D.I. 1, at ¶¶ 1-5). This Court's Order entered December 28, 2016 granting Plaintiff's Motion for Order Authorizing Issuance of Writ of Maritime Attachment confirmed the "Court ...found that *the conditions required by Supplemental Rule ... B exist*.." (D.I. 12). (emphasis added).

Under these circumstances, the only conceivable basis for jurisdiction is the *quasi in rem* jurisdiction that could be conferred by a valid Rule B attachment, and, even then, a default judgment could only be entered up to the amount of the attached funds, to the extent the attachment reached any funds. *See Limonium Maritime*, 961 F. Supp. at 605; *Blueye Navigation*, 1995 U.S. Dist. LEXIS 1844, at *13. Here, no funds belonging to PGS Marshall Islands were ever attached, and so this Court never acquired *quasi in rem* jurisdiction over PGS Marshall Islands. As there was no jurisdiction – *in personam* or *quasi in rem* – over PGS Marshall Islands, the default judgment was void automatically when entered, and it must be set aside pursuant to Federal Rule of Civil Procedure 60(b) under well-established Third Circuit precedent. *See Arpaio v. Dupre*, 527 F. App'x 108, 111 (3d Cir. 2013).[6]

## CONCLUSION

For the foregoing reasons, Defendant PGS Marshall Islands respectfully requests this Honorable Court to enter an order in substantially the form attached hereto granting Defendant's Motion to Set Aside Default Judgment Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).

---

[6] Apart from the lack of jurisdiction over PGS Marshall Islands, Naiad's pursuit of substantive relief in the various district court actions it has filed in the United States is a clear violation of the parties' valid and enforceable arbitration clause. PGS Marshall Islands has not waived its right to arbitrate. By Naiad's own admission, the parties are in the process of arbitrating Naiad's claim, and Naiad's attempted Rule B attachment was purportedly filed "in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8." (Dkt. No. 1, at ¶ 2). Under these circumstances, Naiad's pursuit of substantive relief (*i.e.*, a default judgment) in this Court was improper, and the default should be set aside on that basis alone.

9

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

/s/Michael B. McCauley
By: Michael B. McCauley (Del. ID #2416)
     1223 Foulk Road
     Wilmington, DE 19803
     302-594-0895
     mmccauley@pbh.com

*Attorneys for Defendant*
*Pacific Gulf Shipping Co. Ltd.*

Dated: Wilmington, Delaware
       February 3, 2017

10

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this the 3d day of February, 2017,

service of a true and correct copy of Defendant Pacific Gulf Shipping Co. Ltd.'s Motion to Set

Aside Default Judgment , Opening Brief in Support, and proposed Order was made to the below-

listed counsel via Electronic Filing, on the date appearing below, as follows:

Timothy Jay Houseal, Esq.
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
thouseal@ycst.com

J Stephen Simms
 Marios J. Monopolis
Simms Showers LLP
201 International Circle, Ste 250
Baltimore, MD 21030
(410) 783-5795
jssimms@simmsshowers.com

PALMER BIEZUP & HENDERSON LLP

/s/Michael B. McCauley
By:  Michael B. McCauley (Del. ID# 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
mmccauley@pbh.com

*Attorneys for Defendant*
*Pacific Gulf Shipping Co. Ltd*

Dated: February 3, 2017

11