IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NAIAD MARITIME CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-4006 |
| PACIFIC GULF SHIPPING COMPANY, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **<u>MEMORANDUM ORDER</u>**

Plaintiff Naiad Maritime Company ("Naiad") filed this maritime *in rem* action pursuant to 28 U.S.C. § 1333 and Supplemental Rules B and E of the federal Admiralty Rules. Naiad seeks to garnish property owned by defendant Pacific Gulf Shipping (Singapore) Pte. Ltd. ("PGS Singapore") based on a judgment rendered against co-defendant Pacific Gulf Shipping Co., Ltd. ("PGS Marshall Islands") in the United States District Court for the District of Delaware. (ECF No. 1.) Naiad asserts that PGS Singapore is the *alter ego* of co-defendant PGS Marshall Islands and, thus, that Naiad is entitled to attach PGS Singapore's assets located in this district.

Now pending before this Court is Naiad's Motion for Issuance of Request[1] for International Judicial Assistance to Marshall Islands and Pakistan ("Naiad's Motion") (ECF

---

[1] While Naiad styles its Motion as one seeking "Letters of Request"—the procedure for seeking international judicial assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention")—neither the Marshall Islands nor Pakistan is party to the Hague Convention. *See* Hague Conference on Private International Law ("HCCH"), Status Table, Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, available at

No. 34).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons that follow, Naiad's Motion (ECF No. 34) is DENIED.

## BACKGROUND

Naiad is a Greek corporation and the owner of M/V Marylisa V ("Marylisa" or the vessel).  (Am. Compl., ECF No. 25 at ¶¶ 4-5.)  Pacific Gulf Shipping Co., Ltd. ("PGS Marshall Islands") is a maritime charterer incorporated under the laws of and with corporate office in the Marshall Islands.  (*Id.* at ¶ 5.)  PGS Marshall Islands chartered the Marylisa to transport palm kernel shells from Penang, Indonesia.  (Am. Compl., ECF No. 25 at ¶¶ 4, 5, 9.)  The cargo allegedly caused damage to Naiad's vessel, leading Naiad to initiate arbitration proceedings against PGS Marshall Islands in London; these proceedings are ongoing.  (*Id.* at ¶¶ 8-11; ECF No. 23-1 at 13.)

In conjunction with the arbitral proceedings, Naiad obtained a default judgment against PGS Marshall Islands in the U.S. District Court for the District of Delaware on September 15, 2016.[2]  (ECF No. 25 at 4.)

---

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated January 12, 2017) (accessed February 8, 2017).

  Confusingly, Naiad acknowledges that neither country is party to the Hague Convention, but nonetheless asserts that a letter of request is the proper vehicle for seeking international judicial assistance.  (ECF No. 34-1 at 2, n. 2.)  Naiad cites no authority in support of this position.  Thus, the Court will construe Naiad's Motion as seeking the issuance of letters rogatory, a centuries-old procedure of international law by which "a court in one country requests the court of another country to assist in the administration of justice," including the taking of discovery.  *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007).

  This distinction is important insofar as the issuance of letters rogatory relies on diplomatic channels, as set forth in 28 U.S.C. § 1781 and the accompanying regulations.  While the Court is aware of this distinction and the practical consequences which it entails, the decision to deny Naiad's Motion is based on Rule 26 and not this procedural difference, as explained in detail below.

[2] Naiad's Motion indicates that PGS Singapore has moved to vacate that judgment.  *See* ECF No. 34-2.

Naiad filed suit in this Court seeking to attach property to satisfy the Delaware judgment. (ECF No. 23-1 at 2.) On December 16, 2016, this Court issued a Writ of Maritime Garnishment against co-defendant Pacific Gulf Shipping (Singapore) Pte. Ltd. ("PGS Singapore") to garnishee Yara North America, Inc. ("Yara"). (ECF No. 8.) As set forth in the original Complaint which led to the Writ, Naiad alleges that PGS Singapore is the *alter ego* of PGS Marshall Islands, making its property subject to garnishment to satisfy the Delaware judgment.[3] (ECF No. 1 at ¶¶ 13-16.) Garnishee Yara is in possession of approximately $31,000 in funds owed by Yara to PGS Singapore. *See* ECF No. 19.

On January 18, 2017, counsel for PGS Singapore entered a restricted appearance on behalf of PGS Singapore only[4] and filed a Motion to Vacate Attachment (ECF No. 23), asserting that plaintiff failed to make an adequate showing under Supplemental Rule E(4)(f) of the Admiralty Rules of Naiad's entitlement to the attachment of the funds in Yara's possession. (ECF No. 23-1 at 2.) Specifically, PGS Singapore asserts that Naiad has failed to support its bare allegation that PGS Singapore and PGS Marshall Islands are *alter egos* of each other. (*Id.*)

During a teleconference held on January 19, 2017, a briefing schedule was set to address PGS Singapore's Motion. (ECF No. 24.) This Court then conducted a Motions Hearing on January 24, 2017, during which the Court concluded that the Motion to Vacate

---

[3] The Court notes that Naiad previously sought to levy upon property located in the Southern District of Texas in the possession of garnishee VA Intertrading AG. (ECF No. 23-1 at 2; *Naiad Maritime Co. v. Pacific Gulf Shipping Co., Ltd. Et al.,* KPE-16-1324, U.S.D.C. S.D. Tx., Houston.) While Judge Keith Ellison of that Court initially issued a similar writ of garnishment in that case, he later vacated the writ following PGS Singapore's motion and a hearing. (*Id.* at 4.) Naiad appealed Judge Ellison's decision to the United States Court of Appeals for the Fifth Circuit, where it remains pending. (*Id.*)

[4] No appearance has been entered on behalf of co-defendants Pacific Gulf Shipping Company, Pacific Gulf Shipping Co Ltd., or PGSC Shipping A/S.

(ECF No. 23) would be "held in abeyance pending the parties' completion of <u>limited</u> discovery regarding plaintiff's allegation that [PGS Marshall Islands] and [PGS Singapore] are corporate alter egos." (ECF No. 30.) A second Motions Hearing is scheduled to be held on March 1, 2017. (*Id.*)

On January 31, 2017, counsel for PGS Singapore notified the Court that the parties were unable to resolve certain differences regarding the scope of the "<u>limited</u> discovery" contemplated by this Court's Order. (ECF No. 31.) The Court then conducted an off-the-record teleconference on February 3, 2017, during which the Court concluded, pertinent to the pending Motion, that the Court's discovery order (ECF No. 30) applied to PGS Singapore <u>only</u>; thus, Naiad could not pursue discovery from PGS Marshall Islands—which, the parties seemed to agree, is beyond this Court's jurisdiction—and non-party Kopak Shipping Company ("Kopak").

Naiad filed the pending Motion for Issuance of Request on February 5, 2017.[5]

STANDARD OF REVIEW

Letters rogatory "are the means by which a court in one country requests the court of another country to assist in the administration of justice" by conducting some form of factual discovery. *United States v. Rosen,* 240 F.R.D. 204, 215 (E.D. Va. 2007). "Federal courts have both statutory and inherent authority to issue letters rogatory, regardless of whether the case is civil or criminal." *Id.* (citing 28 U.S.C. § 1781; *United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958), *United States v. Steele,* 685 F.2d 793, 802 (3d Cir. 1982)). Some

---

[5] Along with its Motion, Naiad also requested that PGS Singapore be directed to file any response in opposition to the Motion by Wednesday, February 8, 2017. (ECF No. 35.) The Court granted this request (ECF No. 36), and PGS Singapore filed a timely response in Opposition. (ECF No. 37.)

"[c]ourts have required that 'some good reason [ ] be shown by the opposing party for a court to deny an application for a letter rogatory.'" *Brey Corp. v. LQ Mgmt., L.L.C.*, AW-11-718, 2012 WL 3127023, at *3 (D. Md. July 26, 2012) (quoting *DBMS Consultants Ltd. v. Computer Assoc. Int'l., Inc.,* 131 F.R.D. 367, 369 (D.Mass. 1990)).  At the same time, "letters rogatory should be issued only where 'necessary and convenient.'"  *Rosen,* 240 F.R.D. at 215.  Ultimately, "[a] court's decision to issue letters rogatory lies within its sound discretion."  *Id. See also United States v. Mason,* 919 F.2d 139 (4th Cir. 1990).

## DISCUSSION

Naiad's Motion seeks to obtain through alternate channels the discovery which this Court previously disallowed as beyond the scope of its Order authorizing Naiad to take "<u>limited</u> discovery." (ECF No. 30.)  While Naiad nonetheless asserts that there exists "good cause" for issuance of the letters of request, its arguments boil down to a claim that the foreign entities—PGS Marshall Islands and Kopak—are likely in possession of discoverable information.  (ECF No. 34-1 at 3-4.)  On the other hand, in its Response in Opposition to Naiad's Motion, PGS Singapore argues that "Naiad's current application for issuance of letters rogatory is merely a different method to take discovery of PGS Marshall Islands and Kopak in this action – relief which the Court has already specifically denied." (ECF No. 37 at 2.)  Thus, PGS Singapore argues, the Court should exercise its discretion and decline to grant Naiad's Motion.  (*Id.* at 5.)

Though directed to foreign tribunals, United States courts reviewing applications for letters of request and letters rogatory routinely apply the discovery principles contained in Rule 26 of the Federal Rules of Civil Procedure.  *Brey Corp.*, 2012 WL 3127023 at *4; *Lantheus*

5

*Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26.").[6] Rule 26(b)(1), as recently amended, provides, in pertinent part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the **amount in controversy**, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**.

Fed. R. Civ. P. 26(b)(1) (emphases added).

The principles set forth in Rule 26(b)(1) guided this Court's decision to allow only "<u>limited</u> discovery" from PGS Singapore, for which counsel entered a restricted appearance to dispute the writ of garnishment to Yara for $31,000. (ECF No. 30.) The Court reiterated the limited nature of the permitted discovery during the February 3 teleconference with the parties, during which the Court determined that Naiad could conduct only five depositions (Naiad had requested ten) by telephone or video-conference (Naiad had proposed requiring counsel to travel to Singapore—and possibly other countries—to conduct the depositions in person). *See* ECF No. 31. Notwithstanding the small sum at issue in the proceedings in this jurisdiction, Naiad seeks to conduct an international discovery expedition through the proposed letters rogatory which could, if permitted, protract the resolution of this case by months—assuming that the foreign tribunals were willing to respond to the mere *request* for

---

[6] Similarly, applications for judicial assistance pursuant to 28 U.S.C. § 1782 are also subject to Rule 26. *See In re Green Dev. Corp. S.A. de C.V.*, WDQ-15-2985, 2015 WL 10319091, at *5 (D. Md. Oct. 1, 2015), *report and recommendation approved sub nom. In Re Green Dev. Corp. S.A. De C.V.*, CCB-15-2985, 2016 WL 640791 (D. Md. Feb. 18, 2016).

assistance. *See* Restatement (Third) of Foreign Relations Law of the United States § 473 (1987). Accordingly, consistent with Rule 26(b)(1) and this Court's previous Order allowing for only <u>limited</u> discovery in this case, Naiad's Motion (ECF No. 34) is DENIED.

## CONCLUSION

For the foregoing reasons, it is this 8th day of February, 2016. Hereby ORDERED that:

1) Naiad's Motion for Issuance of Request for International Judicial Assistance to Marshall Islands and Pakistan (ECF No. 34) is DENIED.

__/s/__
Richard D. Bennett
United States District Judge
